IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANBASA TRAZELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. RDB-20-2265 |
| DELAWARE ELEVATOR, INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Presently pending before this Court is the Motion of the Defendant Delaware Elevator Inc. to Dismiss the *Pro Se* Complaint filed by the Plaintiff Anbasa Trazell, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. This Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Court has reviewed the submissions of the parties, including the opposition of the *pro se* Plaintiff. The Plaintiff has failed to exhaust administrative remedies for his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq*. ("Title VII") for alleged discrimination based on race, religion, and national origin, and retaliation. The Plaintiff has not alleged the adequate filing of a verified complaint with the Equal Employment Opportunity Commission ("EEOC"). Furthermore, there is no allegation that any such complaint to the EEOC requested agency action. In addition, the Plaintiff has failed to allege a receipt of a Notice of Right to Sue from the EEOC. The United States Court of Appeals for the Fourth Circuit has

specifically held that receipt of or entitlement to a right to sue letter is a mandatory requirement for an action under Title VII.  *Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995).

Furthermore, the Plaintiff's Title VII claims are time-barred as almost two years have passed since the alleged termination of employment on November 15, 2018.  Under Title VII, a Plaintiff must file a charge of discrimination with the EEOC within 180 days of the adverse employment action.  That deadline may be extended to 300 days in the event that a state has a work-sharing arrangement with the EEOC.  In Maryland, a deferral state, a claim of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") must be filed with the EEOC within 300 days of the alleged discriminatory action.  *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001).  If the EEOC dismisses the charge, or if the plaintiff requests a right to sue notice, a plaintiff has ninety days from receiving his or her notice of dismissal and right to sue letter to file in action in court. 42 U.S.C. § 2000e-5(f)(1).

Furthermore, the Complaint fails to allege a plausible claim of discrimination under Title VII of the Civil Rights Act.  The Complaint states only that the Plaintiff Trazell was terminated one week after being notified that he was required to provide a Social Security number as required.  The Complaint then summarily alleges that this was in retaliation for the Plaintiff's religious belief and national origin.  There is no allegation by either direct or circumstantial evidence that the requirement of a Social Security number was motivated by any retaliation for religious belief or national origin.

Accordingly, as the Plaintiff has failed to exhaust administrative remedies, and his claims are time-barred as a matter of law and fail to state any plausible claim for discrimination under

Title VII, the Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  IT IS HEREBY SO ORDERED THIS 8th day of October 2020.

                                                          /s/
                                        Richard D. Bennett
                                        United States District Judge